Dear Rep. Salter:
You requested the opinion of this office on behalf of the Sabine Council on Aging, Inc. (the "Council"). In July of 2003, the voters passed a 1/4% sales tax dedicated for the Council. The Council is also in the process of issuing Excess Revenue Certificates to purchase a tract of land and the Louisiana Legislature in the 2003 Capital Outlay Act appropriated $250,000 in State general fund direct for a new Council facility. Your question is whether the land can be titled in the name of the Council or should the land be titled in the name of the Parish.
It is the opinion of this office that the land can be titled in the name of the Council. The State capital outlay appropriation contained in Act 24 of 2003 is in the name "Sabine Council on Aging Inc." for a "New Sabine Council on Aging Facility". Likewise, the Excess Revenue Certificates are being issued by the Council, and not by the Parish, therefore, it would be appropriate for the acquisitions made from the proceeds of the borrowing to be titled in the name of the Council.
As to the tax proceeds, the tax proposition states in pertinent part as follows:
 "Shall the Parish of Sabine . . . be authorized to levy and collect . . . a tax . . . with the avails or proceeds of the Tax . . . to be dedicated for the purpose of providing funds for administering, acquiring, constructing, improving, maintaining, supporting and operating authorized activities, services, programs and/or facilities of/for and by the Sabine Council on Aging, Inc. and its branches, including the costs of acquiring land and capital improvements therefor?"
R.S. 33:2721.6(D)(5) provides with regards to sales taxes, in pertinent part, the following:
 "The proceeds of the tax shall be dedicated solely for the purposes approved by the electorate. . . ."
Furthermore, R.S. 39:704 states, in pertinent part:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
It has been consistently held by this office and the jurisprudence of this state that the scope of the authority for the expenditure of sales tax revenues is concomitant to the consent of the electorate. Accordingly, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the tax.Police Jury of the Parish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3d Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hodnett, etal. v. Monroe City School Board, et al., 270 So.2d 598 (La.App. 2d Cir. 1972); Watkins v. Ouachita Parish School Board, 173 La. 259, 136 So. 591
(1931); Attorney General Opinion Nos. 94-540, 94-346, 93-424, 93-47 and 92-50.
We see nothing in the above quoted sales tax proposition that would require the land to be titled in the name of the Parish.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH